CAUSE NO. 202013881

RECEIPT NO. 895651     0.00    CIV
**********
TR # 73730442

| | |
|---|---|
| PLAINTIFF: VERRET, LAURENCE | In The 151st |
| vs. | Judicial District Court |
| DEFENDANT: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | of Harris County, Texas |
| | 151ST DISTRICT COURT. |
| | Houston, TX. |

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
    BY SERVING ITS REGISTERED AGENT
    CORPORATION SERVICE COMPANY
    211 E 7TH STREET SUITE 620    AUSTIN TX 78701 - 3218
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the 2nd day of March, 2020, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 3rd day of March, 2020, under my hand and seal of said Court.

Issued at request of:
CRIACO, ADAM P.
363 N SAM HOUSTON PKWY E SUITE
800
HOUSTON, TX 77060
Tel: (713) 663-6600
Bar No.: 5075770

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: HERRERA, ALIZE M  H3K//11452333

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at *3.23* o'clock *P*.M., on the *09* day of *March*, *2020*

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____

_____
_____ of _____ County, Texas

_____
Affiant

By _____
Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

N.INT.CITR.P

*73730442*

# Exhibit B

*Delivered*
*03/11/2020*

3/1/2020 10:42 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41272650
By: Alize Herrera
Filed: 3/2/2020 12:00 AM

## *2020-13881 / Court: 151*

CAUSE NO. _____

| | | |
|---|---|---|
| LAURENCE VERRET | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Laurence Verret, Plaintiff, complaining of State Farm Mutual Automobile Insurance Company, Defendant, and for cause of action shows the following:

**I.**

This Petition is being filed under Level 2 of Rule 190.3.

**II.**

Plaintiff is a resident of Houston, Harris County, Texas.

Defendant, State Farm Mutual Automobile Insurance Company, is an insurance company doing business in the State of Texas for the purpose of monetary profit and may be served with process by serving its registered agent for service, Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701-3218.

**III.**

Venue is proper in Harris County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, because the incident which forms the basis of this suit occurred in Harris County, Texas, and Plaintiff resides in Harris County, Texas and the incident occurred in Harris County, Texas.

The Court has jurisdiction over this controversy because Plaintiff seeks damages within the jurisdictional limits of this Court.

**IV.**

Plaintiff would show this Court that on or about June 15, 2017, Plaintiff was eastbound on Stockdick School Road when he was suddenly and without warning struck by tortfeasor, Nicolas Santes, who was westbound on Stockdick School Road and failed to yield the right of way when turning left onto Porter Road. Plaintiff would show the Court that nothing he did or failed to do was in any way negligent or was the proximate cause of any injuries or damages that he sustained.

**V.**

At the time of the accident made the basis of this suit, Tortfeasor, Nicolas Santes was operating the aforementioned vehicle in a negligent and careless manner in the following respects which, among others, may be shown at the trial of this cause:

1.   In failing to keep a proper lookout;

2.   In driving the vehicle at an excessive rate of speed;

3.   In failing to timely make application of his brakes;

4.   In failing to timely swerve or otherwise maneuver his vehicle so as to avoid the collision made the basis of this suit;

5.   In failing to operate the vehicle in a reasonable and prudent manner;

6.   In failing to yield the right of way turning left;

7.   In failing to operate the vehicle in obedience to traffic laws and regulations; and

8.   In violation of the Tex. Transp. Code Ann. § 545.001., *et seq.*

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by Plaintiff.

The injuries inflicted upon Plaintiff warrant and necessitate an uninsured motorist claim. In *Brainard*, the Court suggested that a direct suit against the UIM/UM carrier is permitted after settling with the tortfeasor. The Court noted that "the insured is not required to obtain a judgment against the tortfeasor. The insured may settle with the tortfeasor, as *Brainard* did in this case, and then litigate UIM coverage with the insurer."

The UDJA is designed "to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b). It authorizes a person interested under a written contract to "obtain a declaration of rights, status, or other legal relations thereunder." Id. § 37.004(a). The Legislature mandates that "it is to be liberally construed and administered." Id. § 37.002(b). The UDJA gives trial courts discretion to award equitable and just attorney's fees without regard to whether the recipient is the prevailing party. Id. § 37.009. Plaintiff is not seeking to recover any attorney's fees pursuant to Chapter 38 TRCP, as Plaintiff is not alleging (at the moment) any breach of contract claims, as addressed in *Brainard*.

## VI.

Said elements of damage which Plaintiff seeks to recover from Defendant includes compensation for the following:

1. The physical pain and disability sustained by Plaintiff from date of injury to the time of trial;

2. Future physical pain and disability reasonably anticipated to be sustained by Plaintiff in the future;

3. Mental anguish and suffering sustained by Plaintiff from date of injury to time of trial;

4. Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

5. Loss of earnings sustained by Plaintiff from date of injury to time of trial;

6.      Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

7.      Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

8.      Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

9.      Past and future physical disfigurement and impairment; and

10.     Attorney's fees.

## VII.

### Causes of Action

**For clarification, there are no extra-contractual claims being advanced at this time, as Plaintiff is merely seeking payment of the uninsured benefits to which Plaintiff is entitled.** Defendant State Farm Mutual Automobile Insurance Company ("State Farm") failed to pay, or offer to pay, amounts due under the terms of the UIM/UM policy despite ample evidence and documentation establishing that Plaintiff was, and is, entitled to receive UIM/UM benefits under the policy of insurance issued by Defendant State Farm.

### VIII.

This suit is brought to establish the liability and damages that warrant recovery under the UIM/UM coverage afforded to Plaintiff pursuant to the policy of insurance issued by State Farm as well as a finding pursuant to the Uniform Declaratory Judgment Act. For clarification, there are no extra-contractual claims being advanced at this time. Defendant State Farm failed to pay, or offer to pay, amounts due under the terms of the UIM/UM policy despite ample evidence and documentation establishing that Plaintiff was, and is, entitled to receive UIM/UM benefits under the policy of insurance issued by Defendant State Farm.

The UDJA is designed "to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b). It authorizes a person interested under a written contract to "obtain a declaration of rights, status, or other legal relations thereunder." Id. § 37.004(a). The Legislature mandates that "it is to be liberally construed and administered." Id. § 37.002(b). The UDJA gives trial courts discretion to award equitable and just attorney's fees without regard to whether the recipient is the prevailing party. Id. § 37.009.

## IX.

Despite the fact that all conditions precedent to Plaintiff's recovery have been performed or have occurred, Defendant has failed and refused to pay Plaintiff a just amount in accordance with the contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiff was forced to file suit to seek the policy benefits to which they are entitled. Plaintiff seeks the payment of the policy limits for the uninsured motorist claim.

## X.

### Maximum Amount in Controversy

Plaintiff seeks the payment of the policy limits for the uninsured motorist claim. All of the conditions precedent to bringing this suit under the policy and to Defendant State Farm's liability to Plaintiff under the policy for the claims alleged have been performed or have occurred.

## XI.

### Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays, move and respectfully request this Honorable Court for the following relief:

That upon final hearing and trial hereof, this Honorable Court grants Plaintiff such relief as to which he may show himself justly entitled, either at law or in equity, either general or special, for

actual damages (benefits due under the UIM/UM policy), costs of suit, attorney's fees and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading.

Respectfully submitted,

CRIACO & ASSOCIATES

By:    /s/ Adam P. Criaco
          Adam P. Criaco
          SBOT 05075770
          363 N. Sam Houston Pkwy. E., Suite 800
          Houston, TX 77060
          Telephone:  (713) 663-6600
          Facsimile:  (713) 663-7923
          Eserve: Adam.Criaco@criacolaw.com

ATTORNEY FOR PLAINTIFF

3/13/2020 10:03 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41641524
By: SHANNON NORTH-GONZALEZ
Filed: 3/13/2020 10:03 AM

CAUSE NO.   202013881

RECEIPT NO.   895651          0.00       CIV
**********          TR # 73730442

| | |
|---|---|
| PLAINTIFF: VERRET, LAURENCE<br>            vs.<br>DEFENDANT: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | In The   151st<br>Judicial District Court<br>of Harris County, Texas<br>151ST DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
    BY SERVING ITS REGISTERED AGENT
    CORPORATION SERVICE COMPANY
    211  E 7TH STREET SUITE 620    AUSTIN  TX  78701 - 3218
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 2nd day of March, 2020, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 3rd day of March, 2020, under my hand and
seal of said Court.

Issued at request of:
CRIACO, ADAM P.
363  N SAM HOUSTON PKWY E SUITE
800
HOUSTON, TX  77060
Tel: (713) 663-6600
Bar No.:  5075770

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: HERRERA, ALIZE M  H3K//11452333

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____

_____ of _____ County, Texas

_____          By _____
          Affiant                                         Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
          Notary Public

N.INT.CITR.P                    *73730442*

## CAUSE NO. 2020-13881

LAURENCE VERRET
VS.

IN THE 151ST JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Barbara C. Stinnett_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Barbara C. Stinnett_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _P.O. Box 684627, Austin TX 78768_
(SERVER'S ADDRESS)

2. ON _03/09/2020_ (DATE) AT _03:23_ (_P_) M (TIME) CITATION, PLAINTIFF'S ORIGINAL PETITION came to hand for delivery to STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY.

3. ON _03/11/2020_ (DATE) AT _12:25_ (_P_) M (TIME) - The above named documents were delivered to: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY by delivering to _Samantha Guerra - Designated Agent_
(NAME AND TITLE), authorized agent for service @
_211 E. 7th Street, #620, Austin TX 78701_
(ADDRESS), by CORPORATE Service

_Barbara C. Stinnett_
SIGNATURE
PSC# _1187_ EXPIRATION: _07/31/2020_

_Barbara C. Stinnett_
AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by _Barbara C. Stinnett_ appeared on this _11th_ day of _March_, 2020 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022

2020.03.456555

4/3/2020 9:02 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42099408
By: Carolina Salgado
Filed: 4/3/2020 9:02 AM

## CAUSE NO. 2020-13881

| | | |
|---|---|---|
| **LAURENCE VERRET** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE COMPANY** | § | **151ST JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** (hereinafter referred to as "State Farm"), Defendant in the above-entitled and numbered cause, and files this Original Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions filed against it and would respectfully show the Court and Jury as follows:

**I.**

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in the Plaintiff's Original Petition, and demands strict proof thereof.

**II.**

Plaintiff was not a covered person under the policy and was not operating a covered vehicle, therefore, Plaintiff is not entitled to recover uninsured motorist benefits from State Farm.

**III.**

Pleading in the alternative, Plaintiff has failed to fulfill the conditions precedent for bringing an uninsured motorist claim.  Specifically, Plaintiff has failed to establish that he

is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by him, caused by an accident.

**IV.**

Pleading in the alternative, Defendant would show that it is entitled to all credits and offsets allowed under the policy against any damages awarded by the jury, including but not limited to the $100,000 payment received by Plaintiff from Nationwide.

**V.**

Defendant asserts that Plaintiff is not entitled to attorney fees in this case as there has not yet been a showing of coverage, liability or damages entitling Plaintiff to recovery of uninsured motorist benefits.

**VI.**

Plaintiff is not entitled to pre-judgment interest or any other damages beyond the policy limits of uninsured motorist coverage under the subject insurance contract.

**VII.**

Defendant reserves the right to amend this Original Answer pursuant to the said Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Defendant be released and discharged of the charges filed against it; that Plaintiff takes nothing by reason of this suit; and for such other and further relief to which Defendant may be justly entitled and for which Defendant will forever pray.

Respectfully submitted,

**GERMER PLLC**

By:_____

    **BARBARA L. HACHENBURG**
    State Bar No. 08667070
    bhachenburg@germer.com
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, TX 77019
    (713) 650-1313 Telephone
    (713) 739-7420 Facsimile

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 3rd day of April, 2020.

_____
**BARBARA L. HACHENBURG**

4/3/2020 9:02 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42099408
By: Carolina Salgado
Filed: 4/3/2020 9:02 AM

## CAUSE NO. 2020-13881

| | | |
|---|---|---|
| **LAURENCE VERRET** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE COMPANY** | § | **151ST JUDICIAL DISTRICT** |

## <u>DEMAND FOR JURY TRIAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, Defendant herein and demands a trial by jury.  The requisite jury fee is being tendered with the filing of this demand.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

Respectfully submitted,

**GERMER PLLC**

By: _____

**BARBARA L. HACHENBURG**
State Bar No. 08667070
bhachenburg@germer.com
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 Telephone
(713) 739-7420 Facsimile

**ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 3rd day of April, 2020.

_____

**BARBARA L. HACHENBURG**

**Harris County Docket Sheet**

# 2020-13881

**COURT:**  151st

**FILED DATE:**  3/2/2020

**CASE TYPE:**  Motor Vehicle Accident



---

### VERRET, LAURENCE

Attorney: CRIACO, ADAM P.

### vs.

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Attorney: HACHENBURG, BARBARA L.

---

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |